FILED
United States Court of Appeals
Tenth Circuit

May 20, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

DAVID JAY HESS,

     Defendant-Appellant.

No. 07-4281
(D.Ct. No. 2:07-CR-00085-DLR-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Circuit Judge, and **ANDERSON** and **BRORBY**, Senior Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant David Jay Hess was found incompetent to stand trial and ordered

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to be committed for a period of four months to a federal facility for treatment and restoration to competency. Although Mr. Hess now appeals his commitment, his attorney has filed an *Anders* brief and a motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967). For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal. *Id.*

## I. Background

On February 7, 2007, Mr. Hess was indicted on two counts of knowingly mailing a written communication to a United States magistrate containing a threat to injure or kill, in violation of 18 U.S.C. § 876(c). On March 29, 2007, Mr. Hess's attorney filed a motion, stipulated to by both parties, requesting a competency determination on Mr. Hess, pursuant to 18 U.S.C. §§ 4241 and 4242, as to both his commission of those offenses and his ability to stand trial. The trial court granted the motion, after which a forensic psychologist with the Federal Bureau of Prisons conducted a psychological evaluation of Mr. Hess and prepared a report; some of Mr. Hess's prior medical reports were provided to assist in the evaluation. Mr. Hess stipulated as to the foundation of the evaluation and did not provide any evidence contradicting the report. In the report, the government psychologist found Mr. Hess: (1) suffered from a delusional disorder and was delusional at the time of his offenses against the magistrate; (2) would not be able to understand the proceeding against him and would act in a way

counterproductive to his case and against advice of counsel; and (3) should be committed to a federal facility for four months for treatment and restoration to competency.

On November 30, 2007, the district court held a competency hearing during which the parties stipulated to the admission of the government psychologist's report as an exhibit, and Mr. Hess did not present evidence to dispute the report's findings or conclusions. During the hearing, Mr. Hess addressed the court, asserting he had not seen the report, to which his counsel responded, explaining he and Mr. Hess had discussed the report, but when he and a social worker attempted to review the report with Mr. Hess he refused to see them. Mr. Hess also requested evidence be presented or evaluations provided by other psychologists who previously treated him. Based on Mr. Hess's inability to explain how information from other psychologists would assist the court in determining his competency, the district court denied Mr. Hess's request. It then found the government psychologist's report demonstrated Mr. Hess suffered from a mental disorder significantly impairing his ability to understand the nature and consequence of the proceeding against him and his ability to assist counsel in his defense, resulting in a determination Mr. Hess was incompetent to stand trial. As a result, it ordered Mr. Hess committed for a period of four months to a medical facility for treatment and restoration.

Following Mr. Hess's timely pro se notice of appeal, his appointed counsel filed an *Anders* appeal brief, explaining no reasonable grounds exist for an appeal. *See Anders*, 386 U.S. at 744. In support, counsel pointed out the government psychologist's report contained an "abundant basis" for the district court's finding Mr. Hess was incompetent to stand trial, which was not rebutted by Mr. Hess; counsel was not aware of any evidence contradicting the district court's incompetency determination; and no showing was made that additional medical testimony or information, as requested by Mr. Hess, would assist in the competency determination. Counsel also noted Mr. Hess's letter, which this court construed as a notice of appeal, did not raise any issues relevant to the district court's order on his incompetency.

Pursuant to *Anders,* this court gave Mr. Hess an opportunity to respond to his counsel's *Anders* brief. *See* 386 U.S. at 744. Mr. Hess has filed a pro se response requesting appointment of another attorney who specializes in appeals, seeking oral argument, and contending his appeal is not frivolous. In support, he makes derogatory remarks about his current appellate counsel and provides a rambling dialog of information irrelevant to this appeal. However, in regard to the district court's competency order, Mr. Hess states the government psychologist found him "not competent to stand trial" and that he "agree[s] with him." Apt. Resp. at 3.

## II. Discussion

As required by *Anders*, we have conducted a full examination of the record before us, keeping in mind our standard of review on the issues presented. *See id.* We review for clear error a trial court's factual determination on whether a defendant is competent to stand trial. *See United States v. Gilgert*, 314 F.3d 506, 513 (10th Cir. 2002). In addition, "[t]he decision on whether to order a second competency exam is a matter wholly within the sound discretion of the trial court." *United States v. Prince*, 938 F.2d 1092, 1095 (10th Cir. 1991). "We will not reverse a trial court's refusal to order a second competency exam unless we conclude the trial court's decision was an abuse of its discretion." *Id.*

Our review establishes the district court did not err in finding Mr. Hess was incompetent to stand trial and ordering him committed for a period of four months to a federal facility for treatment and restoration to competency. Without making any specific reference to details in the government psychologist's report, it is clear the report supports the district court's findings on Mr. Hess's mental disorder and conclusion he was incompetent to stand trial. With regard to Mr. Hess's apparent request for other psychologists' evaluations or opinions, we cannot say the district court abused its discretion in denying that request absent an explanation as to how an additional psychological evaluation would assist the court in its competency determination. Our holdings on these issues are bolstered

-5-

by Mr. Hess's own admission on appeal that he is incompetent to stand trial.

## III.  Conclusion

For these reasons, no meritorious appellate issue exists for our consideration on appeal.  *See Anders*, 386 U.S. at 744.  Accordingly, we grant counsel's motion to withdraw and **DISMISS** Mr. Hess's appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge